(Supreme Court, Special Term, Albany County. October 23, 1895.)

ELECTIONS AND VOTERS—NOMINATIONS—RIGHT OF PARTY TO MAKE.
    Laws 1895, c. 810, § 56, provides that nominations of candidates for public offices may be made by any convention of any nominating body which at the last general election before the holding of such convention polled 10,000 votes in the state or 1 per cent. of the entire vote of the district for which said convention is held. *Held*, that the conditional clause is in the alternative, and a nominating body which at the last general election polled 10,000 votes in the state may make nominations in a district, though it did not poll therein 1 per cent. of the votes.

Objections by Edward B. Cantine to the certificates of nomination of the Democratic Party Reform Organization for officers to be elected in the county of Albany, city of Albany and each ward of said city, and in the city of Cohoes and each ward of said city.

James J. Farren, for appellant.
Arthur L. Andrews, for respondent.

FURSMAN J.　In the fall of 1894, a body of citizens calling themselves the "Democratic Party Reform Organization" nominated a state ticket in this state, upon which appeared the name of Everett P. Wheeler as its candidate for governor.　At the election in November of that year the said ticket received more than 10,000 votes in the state, as appears by the certificate of the secretary of state, used on this motion.　In the city and county of Albany and in the city of Cohoes there was no local organization known and designated as the "Democratic Party Reform Organization," but the state ticket above mentioned received in the county of Albany a little more than 200 votes, being much less than 1 per cent. of the entire votes cast in said county.　On the 10th of October, 1895, a body of citizens of the city and county of Albany and of the city of Cohoes filed with the county clerk of the county of Albany certificates of nominations for offices to be voted for in the county and in the city of Albany, and in each ward of said city, and in the city of Cohoes and each ward of said city, at the ensuing election.　Each of such certificates was duly signed and verified by the presiding officers and secretaries of the conventions at which such nominations were made, and was duly filed in the office of the clerk of the county of Albany.　Thereafter one Edward B. Cantine filed objections to such nominations, upon the grounds that said nominations were not made by a convention or primary, or by a duly-authorized committee of any convention or primary, of any political party or other nominating body which at the last general election polled 10,000 votes in the county or in said cities, or in the respective districts for which said conventions or primaries were held; and also upon the ground that the party name adopted by such conventions had already been selected by another or different political party or portion of a party.　Upon a hearing before the county clerk, these objections were sustained, and it was decided and determined by him that the said certificates are void, and of no effect, and that the names therein mentioned cannot be printed on the official ballots as the candidates of said Democratic Party Reform Organization.　Upon such decision being made, a petition has been presented, praying that said decision be reviewed.

The second objection was not urged upon the argument of this motion, and it was conceded that the designation referred to above was a designation adopted upon the nomination of the ticket headed by said Everett P. Wheeler in the fall of 1894.　It is sufficient to say, as to this objection, that these certificates purport to be and are certificates of local nominations of the same organization, and the designation cannot, therefore properly be said to have been previously adopted by another or different political party.

The objection seriously urged upon this argument is that the

body of citizens designated in the fall of 1894, and then running a state ticket, known as the "Democratic Party Reform Organization," did not poll 10,000 votes in the territory covered by the certificates presented to the county clerk of Albany county in the present instance. The decision of this question must be governed by the language of section 56 of chapter 810 of the Laws of 1895. That section provides that:

"Nominations of candidates for public office may be made by a convention or primary, or by a duly authorized committee of such convention or primary, of any political party or other nominating body which, at the last general election before the holding of such convention or primary, polled ten thousand votes in the state, or one per cent. of the entire votes cast in the district thereof for which said convention or primary is held. Such nominations shall be known as party nominations."

It is conceded that the Democratic Party Reform Organization polled more than 10,000 votes in the state at the last general election, but it did not poll 1 per cent. of the entire votes cast in the district embracing the city and county of Albany and the city of Cohoes. It will be observed that this statute does not require that candidates shall be nominated by a convention or primary or by a duly-authorized committee of any convention or primary of any political party, but authorizes such nominations to be made by any convention or primary of any nominating body. If we eliminate that portion of this section which refers to political parties as such, it will clearly appear that any nominating body may place in nomination a ticket to be voted for, provided the other requirements of the section are met. Making such elimination, the section will read:

"Nominations of candidates for public office may be made by a convention or primary of any nominating body which, at the last general election before the holding of such convention or primary, polled ten thousand votes," etc.

It appears from these certificates that there was a nominating body holding a convention, having a president and secretary, and that such convention put in nomination local tickets in the city and county of Albany and in the city of Cohoes, and in the several wards of said cities. This statute authorizes such a convention where the party of which that claims to be a part polled 10,000 votes in the state, or 1 per cent. of the entire votes cast in the district for which such convention is held, and declares that such nominations shall be known as "party nominations." The statute is in the alternative. It authorizes nominations to be made by a convention or primary, or by a committee of any convention or primary, of any party or nominating body which polled 10,000 votes in the state, "or" 1 per cent. of the entire vote cast in the district, etc. This disjunctive conjunction has peculiar force and significance as employed in this statute. It is as if it had been preceded by the word "either," and the statute should read:

"Nominations of candidates for public office may be made by any convention or primary, or by a duly-authorized committee of such convention or primary, of any political party or other nominating body which, at the last general election before the holding of such convention or primary, 'either' polled ten thousand votes in the state, 'or' one per cent. of the entire votes cast in the district," etc.

It was the intention of the legislature to authorize a nomination by any political party or other nominating body which polled 10,000 votes in the state, whether in any particular county or city or district 1 per cent. of the whole number of votes were cast by such party or not. And in case 10,000 votes in the state were not cast for the candidates of such party or other nominating body, but 1 per cent. of the entire votes cast in any district thereof were cast for such candidates, a local ticket for such district might be nominated, although a state ticket could not be. In this case, more than 10,000 votes for the candidates of the Democratic Party Reform Organization were cast in the state, and therefore local conventions of that party may be local nominations to be voted for in particular localities, such as counties and wards, although less than 1 per cent. of the entire votes cast in such counties, cities, or wards were cast for the state ticket of such organization, and such nominations must be known as "party nominations." If this were not so, then, although more than 10,000 votes were cast for the state ticket of the Democratic Party Reform Organization in the state, citizens who voted for that ticket, and who are members of that organization, could not have any local organization, nor nominate any local ticket, in any case where less than 1 per cent. of the entire votes of the particular district were cast in favor of the state ticket of such organization; and it would follow that, although the state ticket of such organization should be elected, yet any county or counties, city or cities, or wards which failed to cast as much as 1 per cent. of the whole number of votes cast in such district in favor of the ticket thus elected would be deprived of the right or privilege of having local organizations or making local nominations. This is not what the statute intends. It is clear to my mind that the legislature meant, by the alternative expressed in this statute, to confer upon members of any party or organization which cast 10,000 votes in the entire state the right and privilege of making local nominations in that party and under that party designation.

I am in possession of an opinion delivered by the present attorney general in September last, expressing perhaps more succinctly than I have done the views above set forth. In that opinion, after quoting section 56, above referred to, the learned attorney general says:

"I am of the opinion that any political party whose candidates for state offices polled ten thousand or more votes at the last general election may by a convention of its members, a duly-authorized committee of the party, or by a primary meeting of its members, place in nomination a full set of candidates for all state offices to be filled at a general election; and that the certificates of such nomination, when made according to the provisions of that section, may be filed with the secretary of state, as provided by section 58 of the election law as amended, and entitle such party to a separate column upon the official ballot. With regard to the several districts of the state, such as the county, the senate and assembly districts, and the judicial districts, I am of the opinion that such party may nominate its candidates for the several offices therein, either by a convention or primary held therefor or by a duly-authorized committee of its convention held in either the state or in a district thereof; and that, upon duly filing the certificates of such nominations, the names of the candidates for those offices may be printed in the column containing the names of the party's candidates for state offices, even though the party did not cast as much as one per cent. of the entire vote polled in the particular district."

This expresses clearly the correct interpretation of this statute.

I think the decision of the county clerk must be reversed, and an order entered requiring him to print such nominations on the official ballots as candidates of the Democratic Party Reform Organization.